# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JASON M. PARKER,
   Plaintiff,

  v.                   Case No. 17-C-929

NURSE JAMIE, et al.,
   Defendants.

_____

## ORDER

Plaintiff Jason M. Parker, who was formerly confined at the Kenosha County Jail, filed a complaint under 42 U.S.C. § 1983 alleging that defendants violated his civil rights. This order resolves plaintiff's motion to proceed without prepayment of the filing fee and screens his complaint. Docket Nos. 2 & 1. It also resolves his motions to appoint counsel. Docket Nos. 7 & 8.

*Plaintiff's Motion to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act (PLRA) applies to this case because plaintiff was incarcerated at the time he filed his complaint. The PLRA gives courts discretion to allow plaintiffs to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the plaintiff pay an initial partial filing fee. On July 11, 2017, U.S. Magistrate Judge William E. Duffin (the judge assigned to the case at that time) ordered plaintiff to pay an initial partial filing fee of $36.45. Plaintiff paid that fee on July 26, 2017. As such, I will grant his motion to proceed without prepayment of the full filing fee. Plaintiff must pay the remainder of the filing fee.

*Screening of Plaintiff's Complaint*

Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I will give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*Plaintiff's Allegations*

Plaintiff alleges that on May 13, 2017, inmates on D-Block refused to lockdown, demanding that plaintiff be provided with medical attention for the rashes on his body, which came and went and caused him pain. Plaintiff had been filling out medical slips since February and had not yet been treated.

Defendant Corporal Carlos and Kenosha County sheriffs told plaintiff to pack his property and that they were putting him in segregation. A minute or two later, Carlos told plaintiff to leave his property. Plaintiff would be going to "medical." Plaintiff alleges that officers wanted to retaliate against him for filing grievances and because his family called the jail and contacted the health department. C.O. Raire escorted the plaintiff to "medical" around 9:00 to 9:19 p.m. Defendant Nurse Jamie refused to treat plaintiff. When plaintiff asked to go off site, Jamie threatened to have plaintiff put in segregation. Later, Jamie denied everything in front a (visiting) doctor from United Hospital. Docket No. 1 at 2-3. Plaintiff seeks monetary damages. *Id.* at 4.

*Analysis*

I infer that at the time of the incident described above, the plaintiff was a pretrial detainee. It is well-established that a pretrial detainee must be afforded certain protections under the Fourteenth Amendment, including access to adequate medical care. *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764 (7th Cir. 2002) (citations omitted). Due process rights are at least as great as the protections afforded a convicted prisoner under the Eighth Amendment. *Id.* Accordingly, when considering a pretrial detainee's claim of inadequate medical care, the analogous standards under the Eighth Amendment are often used. *Id.* To establish liability for deliberate indifference to

a medical need, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner,* 241 F.3d 842, 845 (7th Cir. 2001); *see also Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Zentmyer v. Kendall County, Illinois*, 220 F.3d 805, 810 (7th Cir. 2000).

Based on his allegations, plaintiff has stated a claim against Nurse Jamie for deliberate indifference. He has not, however, stated a claim against any of the other defendants he has named. In order for liability to attach under § 1983, a defendant must have actually caused or participated in the alleged constitutional violation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Plaintiff's complaint does not plead facts sufficient to state a claim against any defendant other than Nurse Jamie. Although he alleges that some of the correctional officers wanted to retaliate against him for filing grievances, he does not allege that they actually retaliated against him. Therefore, all other defendants will be dismissed.

*Plaintiff's Motion to Appoint Counsel*

Plaintiff has requested that I appoint him an attorney. Docket Nos. 7 & 8. In a civil case, I have discretion to recruit counsel to represent a litigant who is unable to afford one. 28 U.S.C. § 1915(e)(1); *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). Once a plaintiff demonstrates he has made a reasonable attempt to secure counsel on his own, I examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)). This inquiry focuses not

only on a plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Id.*

Plaintiff's submissions demonstrate that he has made the requisite reasonable effort to find his own attorney. However, I believe that plaintiff is capable of presenting his case on his own at this time. The defendants have yet to receive—or respond to—plaintiff's complaint. Assuming they file an answer, I will issue a scheduling order, which will set a discovery deadline. During discovery, plaintiff may send defendants written questions (interrogatories) and/or ask them to produce documents that he believes supports his version of the events. *See* Fed. R. Civ. Pro. 33, 34.

I will also set a deadline for the parties to file dispositive motions (such as a motion for summary judgment). In the event defendants file such a motion, plaintiff must respond by telling his version of the events. He may support his side of the story with a declaration pursuant to 28 U.S.C. §1746[1] and any documents or information he obtains in discovery. Plaintiff is cautioned to adhere to Civil Local Rule 56(b)(2), which requires plaintiffs to respond both to defendants' brief and to defendants' statement of facts. (E.D. Wis.)

Plaintiff's complaint and his communications with the court indicate that he understands his claim and can articulate why he believes he is entitled to relief. Plaintiff's own knowledge of his interactions with the defendant will be the most

---

[1] Such a declaration should conclude with the following: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. §1746(2).

5

important, and it appears to me that he is able to accurately communicate what happened. Additionally, plaintiff is now out of custody, allowing him more opportunity to work on his case than if he was still confined. If circumstances change and plaintiff believes that he can no longer adequately represent himself, he may renew his request that I recruit counsel to represent him.

**THEREFORE, IT IS FURTHER ORDERED** that the plaintiff's motion to proceed without prepayment of the filing fee (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Corporal Carlos, Kenosha County Sheriffs, and Kenosha County Correctional Medical Services are **DISMISSED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

**IT IS ALSO ORDERED** that Nurse Jamie file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that plaintiff pay the $313.55 balance of the filing fee as he is able. The payments should be sent to the address below and shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that the plaintiff submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

The court further advises plaintiff that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 23rd day of February, 2018.

/s Lynn Adelman
LYNN ADELMAN
United States District Judge